EUREKA CO. *v.* EDWARDS (Alabama—December Term, 1881). —*Contracts—Infants—Executory Contracts—Executed Contracts— Tender back.* Op. by STONE, J. When an infant disaffirms, upon attaining his majority, an executory contract made during his infancy, he may plead infancy to an action by an adult purchaser, and he need not tender back anything he may have received under the contract. In cases of executed contracts, the quondam infant, or those claiming under him, must become the actor, and if there be any of the money or other valuable thing *in esse,* and in possession of the party seeking the relief, in the possession of him from whom the right to sue is derived, the bill must tender, or offer to produce or pay. Not so if the infant has used or consumed it in his infancy.

REID *v.* PUNCH (Kentucky—December, 1881).—*Foreclosure of Mortgage—Lien of Attorney.* Op. by HARGIS, J. One Boyd held a senior, and appellee, Punch, a junior mortgage upon certain property. Appellants, as attorneys for appellee, foreclosed the junior mortgage, and the property was purchased by appellee, the mortgagee, subject to the senior mortgage. Appellants moved the Court to allow fifty dollars attorneys' fee, and make it a lien upon the property, which was refused, and they prosecuted their appeal: *Held,* that the lien of an attorney attaches not only to the money recovered, but to real and personal property as well, and the lien cannot be divested by a purchase of the property by the plaintiff in execution, or mortgagee in case of a foreclosure. The attorneys were entitled to a lien upon the property.